```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                  :
D'METRIUS WOODWARD,               :
                                  :
        Plaintiff,                :    Civ. No. 17-1297 (NLH)
                                  :
    v.                            :    MEMORANDUM OPINION
                                  :
BRADFORD REG'L MED. CTR.,         :
et al.,                           :
                                  :
        Defendants.               :
_____:

APPEARANCES:
D'Metrius Woodward
22312-014
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

**THIS MATTER** having been opened by the Court sua sponte, and it appearing that:

    1.  Plaintiff D'Metrius Woodward, an inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey at the time of filing, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2. The Complaint relates only to incidents which occurred while Plaintiff was a prisoner at Federal Correctional Institution McKean, in Lewis Run, Pennsylvania. Plaintiff names employees of FCI McKean as defendants, as well as the local hospital.

3. A civil action wherein jurisdiction is not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "(f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court may raise venue and issue a Section 1404(a) transfer order sua sponte. See e.g., Arnica Mut. Ins. Co. v. Fogel, 656 F.3d 167 (3d Cir. 2011).

4.   Here, it does not appear that any of the events or omissions giving rise to Plaintiff's claims occurred in New Jersey.  The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the District of Western Pennsylvania, where the defendants are located and where, based upon the allegations, it appears that all of the events took place.

5.   An appropriate order follows.


Dated: February 27, 2017          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.